The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion on several questions involving the appointment and termination of the chief of police in a city which does not have a civil service commission. You state that the city council, prior to the June 1 election of a new council, terminated the chief of police. The mayor then appointed a new chief. At the first meeting of the new city council, a motion was adopted to reinstate the terminated chief in suspended status with salary but no benefits. You have asked the following questions in this regard:
 1. Does the new city council have the authority to reinstate the terminated chief in suspended status with pay?
 2. If the answer to question one (1) above is `yes' and no funds are appropriated by the council to pay the salary of the suspended chief, from what source would the salary be paid?
 3. If the city pays the salary of the chief in suspended status pursuant to the motion adopted by the city council and it is subsequently determined that this was an improper expenditure of city funds, are the members of the city council individually liable for the funds misspent?
It is my opinion that the answer to your first question is "no." A response to the second and third questions is therefore unnecessary.
Please note that I have enclosed two opinions previously issued by this office which address the authority of a city council to,inter alia, override the action of a mayor in hiring a police or fire chief. Ops. Att'y Gen. 91-395 and 91-395A. It was concluded in Opinion 91-395 that the mayor's selection or appointment of a chief of police, in accordance with A.C.A. §14-43-504(e)(2) (Cum. Supp. 1991), is not subject to any action by the city council. See Op. 91-395 at 3. It was noted that while the council has no authority over the appointment of the chief, it has the authority to decide whether to remove the chief when a recommendation to this effect has been made by the mayor.Id., citing A.C.A. § 14-43-505 (1987). See also Op. 91-395A at 2. It was determined that A.C.A. § 14-42-110 (1987), which establishes the council's authority to override the mayor's action in appointing and removing department heads, does not compel a different result. Op. 91-395 at 3.
These opinions detail the basis for my negative response to your first question. The prior city council presumably acted in this instance to remove the chief of police, upon the mayor's recommendation. See enclosed opinions and A.C.A. §§14-43-504(e)(3)(A) (Cum. Supp. 1991) and 14-43-505 (1987). It was noted in Opinion 91-395A that the city council is not required to approve the suspension. The ultimate power of removal lies with the council. Once removal is ordered, however, it is my opinion that the mayor has the subsequent appointive authority. As noted in Opinion 91-395 at 3, there is no provision for the council's confirmation or ratification of the mayor's selection of a police chief. And while the council does have the power of removal, this power may only be exercised following a recommendation by the mayor to this effect. Id.
It thus becomes apparent that the council lacks the authority to reinstate the terminated chief of police. This would, in essence, require an override of the mayor's appointment of a new chief, and/or termination of the mayor's appointee in the absence of the mayor's recommendation to that effect. It would also require the subsequent reappointment of the terminated chief. As noted above, none of these courses of action are available to the city council.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures